IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WYNDHAM VACATION RESORTS, INC., formerly known as FAIRFIELD RESORTS, INC.,

Plaintiff,

vs.

ARCHITECTS HAWAII LIMITED; GROUP PACIFIC (HAWAII), INC.; DICK PACIFIC CONSTRUCTION CO., LTD.,

Defendants.

---

ARCHITECTS HAWAII LIMITED,

Third-Party Plaintiff,

vs.

NOTKIN HAWAII, INC.; DICK PACIFIC CONSTRUCTION CO., LTD.; JOHN DOES 1-10; JANE DOES 1-20; DOE PARTNERSHIPS 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20,

Third-Party Defendants.

---

CV. NO. 08-00236 DAE-LEK

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DAMAGES

On June 7, 2010, the Court heard Plaintiff's Motion. Judy A. Tanaka, Esq., appeared at the hearing on behalf of Plaintiff Wyndham Vacation Resorts, Inc.; Michael L. Biehl, Esq., appeared at the hearing on behalf of Defendant Architects Hawaii Limited; Jane Kwan, Esq., appeared at the hearing on behalf of Defendant Notkin Hawaii Inc. After reviewing the motion and the supporting and opposing memoranda, the Court **GRANTS** Plaintiff's Motion for Summary Judgment as to damages. (Doc. # 247.)

BACKGROUND

The parties are familiar with the facts of this case, and the Court recounts only those facts pertinent to disposition of the instant motion.

On March 10, 2010, the Court issued its Order Granting Plaintiff's Motion for Summary Judgment against Architects Hawaii Limited (the "Summary Judgment Order"). (Doc. # 229.) The Court found that Defendant Architects Hawaii Limited ("AHL") was liable on Count I, breach of contract, for allowing non-jetted tubs to be installed in the bathrooms of the Plantation Wing of the subject property and for approving specifications prepared by Notkin to install non-jetted tubs in the bathrooms of the Presidential Units of the subject property.

(Id. at 27.) The Court found that there was no genuine issue of material fact and no evidence that Plaintiff Wyndham knew prior to January 2006 that non-jetted tubs had been substituted for the jetted tubs specified, and therefore no evidence of approval or ratification of the tub substitution that would warrant jury trial.

On May 12, 2010, the Court issued its Order Denying AHL's Motion for Reconsideration or for Certificate of Interlocutory Appeal (the "Reconsideration Order"). (Doc. # 278.) The Court found, inter alia, that AHL failed to demonstrate an error of law or fact in the Court's Summary Judgment Order. As such, it was proper for the Court to rule as a matter of law as to breach.

On March 29, 2010, Defendant Group Pacific (Hawaii) Inc. ("GPH") filed a Motion for Determination of Good Faith Settlement pursuant to Hawaii Revised Statutes section 663-15.5. (Doc. # 241.) Pursuant to the Settlement Agreement, GPH agreed to pay $75,000 for release of further liability and dismissal of Wyndham's claims with prejudice against GPH.[1] (Id. Ex. A.) On June 7, 2010, this Court adopted Magistrate Judge Kobayashi's Findings and Recommendation to Grant GPH's motion for approval of good faith settlement. (Doc. # 290.)

---

[1] The Court denied GPH's motion for leave to file the settlement agreement under seal. (Doc. # 244.)

On April 1, 2010, Wyndham filed the instant Motion for Summary Judgment against AHL for damages pursuant to this Court's finding of liability as to Count I in the Summary Judgment Order. (Doc. # 247.) On May 17, 2010, AHL filed an Opposition. (Doc. # 284.) On May 12, 2010, third party defendant Notkin also filed an Opposition. (Doc. # 279.) On May 24, 2010, Wyndham filed replies in support of its motion. (Docs. ## 287, 288.)

STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). A main purpose of summary judgment is to dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of

any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "[A]t least some 'significant probative evidence'" must be produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134. Further, "[c]onclusory allegations unsupported by factual data cannot defeat summary judgment." Rivera v. Nat'l R.R. Passenger Corp., 331 F.3d 1074, 1078 (9th Cir. 2003).

DISCUSSION

Wyndham seeks an order in its favor against AHL in the amount of $483,391, exclusive of interest, attorney's fees and costs. This value represents costs paid by Wyndham in connection with bathtub replacement, which Wyndham would not have paid had the correct tubs been installed. (Mot. at 3.) It is undisputed that Wyndham paid $591,135 for demolition and replacement of 136

tubs.[2] It is further undisputed that Wyndham would have paid $107,744 had the correct tubs been installed. (Id. at 4.) The balance of $483,391 represents the costs of correction of the error.

AHL and Notkin do not dispute the $483,391 calculated value of the correction costs per se. (AHL CSOF ¶ 1.) The Court therefore finds that there is no genuine issue of material fact as to whether $483,391 is the value of the costs incurred by Wyndham.

AHL and Notkin do argue, however, that as a matter of law, Wyndham is not entitled to reimbursement of the full $483,391. AHL and Notkin both contend that the amount levied against AHL should be reduced by the $75,000 already paid (or to be paid) to Wyndham by GPH pursuant to the Settlement Agreement so as to not award Wyndham a "windfall." (Notkin Opp'n at 4; AHL Opp'n at 4.) Under this reasoning, Wyndham's allowable damages are limited to $408,391. AHL further contends that Wyndham failed to mitigate damages and should not be entitled to those damages that Wyndham could have avoided had Wyndham taken action as soon as Wyndham became aware of the

[2] It is undisputed that this value represents a "discounted" cost because Wyndham negotiated with defendant Dick Pacific Construction Co. to forego approximately $100,000 in other fees. (Mot. at 3; AHL CSOF ¶ 3.)

erroneous tub installation. (AHL Opp'n at 4-15.) The Court addresses both objections below.

I. Mitigation of Damages

AHL's opposition is substantially based on the theory that Wyndham failed to mitigate damages. (AHL Opp'n at 4-15.) AHL alleges that Wyndham failed to mitigate damages because Wyndham, or Joe Davis, was aware on multiple occasions before the January 2006 walk-through that the incorrect tubs had been replaced but did not intervene. (Id. at 7.) AHL argues that there is a genuine issue of material fact as to the date on which Wyndham became aware of the error, and therefore trial is necessary to resolve by how much Wyndham's damages should be reduced on account of this failure to mitigate.

AHL's position relies on the same argument that AHL posited against the first motion for summary judgment as to liability and in AHL's motion for reconsideration. The theory goes to whether Wyndham knew or was aware of the erroneous tub installment prior to January 2006.

AHL has had two prior opportunities to brief and argue its claim that Wyndham knew of the mistake prior to January 2006, and both times this Court has ruled that AHL failed to demonstrate genuine issues of material fact or that Wyndham did in fact know of the error. The Court reaches the same conclusion as

to AHL's opposition to the damages award. AHL has not presented any argument or evidence that could not have been presented in the two prior motions. To the extent AHL is attempting to relitigate issues already ruled upon by the Court, the Court will not revisit the issue for a third time. AHL is effectively seeking to file a second motion for reconsideration as to whether there are genuine issues of material fact, but such motion is untimely pursuant to Local Rule 60.1.

AHL's "new" argument is based on the declarations of Peter Aiello and David Miller.[3] Aiello, who is a licensed architect but who is not involved with the development of this project, submits his professional opinion on certain documents provided to him by AHL counsel. (Aiello Opp'n Decl. ¶ 6.) In Aiello's professional opinion, "Owner's employees would be familiar with the Owner's design and development standards." (Id. ¶ 10.) Aiello would "expect Owner's senior executives to be familiar with and understand typical design and development documents, including drawings, specifications, submittals, change proposals, change orders, and cut sheets." (Id.) It is further Aiello's opinion that Wyndham would have known that cut sheets called for non-jetted tubs based on

[3] The Court notes that Wyndham also disputes the admissibility of the testimony based on the deadlines set by the Amended Rule 16 Scheduling Order. (Reply to AHL at 7-8.)

the employees' knowledge, training, and expertise to review cut sheets. (Id. ¶¶ 13-27.)

David Miller, Principal of AHL, likewise submits his opinion that sophisticated clients like Wyndham would have reviewed all orders and known that the tubs were non-jetted. (Miller Opp'n Decl. ¶¶ 6, 10-27.) It is Miller's professional opinion that "competent construction managers who also have design credentials could undoubtedly observe that the bath tubs being installed . . . were non-jetted tubs." (Id. ¶ 27.)

The declarations of Miller and Peter Aiello, with accompanying exhibits, constitute mere speculation as to what Wyndham could have known. AHL does not present significantly probative evidence and do not present a genuine issue of material fact. See Addisu, 198 F.3d at 1134. The Court concludes that there are no genuine issues of material fact as to whether Wyndham knew or was aware of the erroneous tub installation prior to January 2006, and there is no avenue for mitigation under these circumstances.

II. $75,000 Reduction Pursuant to Settlement Agreement with GPH

AHL and Notkin argue that Hawaii Revised Statutes ("HRS") § 663-15.5(a)(2) requires that the Court reduce the amount by $75,000. Under this statute, which controls the Settlement Agreement, a

> release [or] dismissal . . . that is given in good faith . . . to one or more co-obligors who are mutually subject to contribution rights, shall . . . reduce the claims against the other . . . co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater.

Haw. Rev. Stat. § 663-15.5(a).

At the hearing on this matter, all parties acknowledged that whatever amount settled shall operate as an offset to any damages awarded by the Court.[4] On June 7, 2010, this Court adopted the Findings and Recommendation to Grant Group Pacific (Hawaii) Inc.'s Petition for Approval of Good Faith Settlement in the amount of $75,000.

Accordingly, the Court GRANTS Wyndham's motion for summary judgment. Wyndham's motion for an award of damages is granted. Wyndham's damages in the amount of $483,391 is offset by the settlement amount, and the Court awards Wyndham damages in the amount of $408,391 pursuant to HRS § 633-15.5(a)(2).

[4] The parties' agreement during the hearing effectively rendered moot any dispute in the briefing as to whether the $75,000 should be offset.

CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion for summary judgment. The Court awards Wyndham damages in the amount of $408,391.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 9, 2010.




David Alan Ezra
United States District Judge

Wyndham Vacation Resorts, Inc. v. Architects Hawaii Limited, et al., CV No. 08-00236 DAE-LEK; ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DAMAGES